JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS
George Jenkins

**DEFENDANTS**
KFC Corporation

**(b)**  County of Residence of First Listed Plaintiff  Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Kentucky
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Louis B. Himmelstein, Esq., Suite 1000, 1420 Walnut Street, Philadelphia, PA  19102

Attorneys *(If Known)*
Beth A. Carter, Esq., Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 -- (215) 665-3311

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441 and 1446
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
10/25/2012

SIGNATURE OF ATTORNEY OF RECORD
*Beth A Carter*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| GEORGE JENKINS | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. |
| | : | |
| KFC CORPORATION | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court.  (See reverse side of this form for a detailed explanation of special
  management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| __10/25/12__ | _Beth A Carter_  Beth A. Carter | |
| **Date** | **Attorney-at-law**   **Attorney for Defendant** | |

| | | |
|---|---|---|
| (215) 665-3311 | (215) 561-6661 | Carter@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  2316 North 13ᵗʰ Street, Philadelphia, PA 19133

Address of Defendant: 1441 Gardiner Lane, Louisville, KY 40213

Place of Accident, Incident or Transaction  1200 North Broad Street, Philadelphia, PA 19121
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes **X**    No

Does this case involve multidistrict litigation possibilities?                         Yes ☐    No **X**

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                        Yes ☐    No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                          Yes ☐    No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                   Yes ☐    No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. **X** Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the claimed damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                        Attorney-at-Law                Attorney I.D.#

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  10/2512     Beth A. Carter, Esquire          85632
                   Attorney-at-Law                  Attorney I.D.#

CIV. 609  (4/03)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE JENKINS                                   CIVIL DIVISION

    Plaintiff      No. _____

v.


KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

    Defendants.

**FEDERAL RULE CIVIL PROCEDURE 7.1**
**DISCLOSURE STATEMENT**

   Pursuant to Federal Rule of Civil Procedure 7.1, defendant KFC Corporation hereby submits its Disclosure Statement.   Defendant's Disclosure Statement is as follows:

   Defendant KFC Corporation certifies that it is a non-governmental corporation organized under the laws of the state of Delaware, and that its principal place of business is in Louisville, Kentucky.

   KFC Corporation submits the following statement of its corporate interests and affiliations:

   1.  KFC Corporation is not a publicly held corporation or other publicly held entity.

   2.  KFC Corporation does have a parent corporation, and it is Yum! Brands, Inc.

   3.  No other publicly held entity owns 10 percent or more of KFC Corporation.

4.     Yum! Brands, Inc. is a publicly held corporation.  It does not have a parent corporation, and no publicly held entity owns 10 percent or more of Yum! Brands, Inc.

BENNETT, BRICKLIN & SALTZBURG LLC

BY: _Beth A Carter/BAC2111_
      Beth A. Carter, Esquire
      85632
      1601 Market Street, 16th Floor
      Philadelphia, PA 19103
      Attorney for Defendant
      KFC Corporation

Dated: October 25, 2012

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE JENKINS                                CIVIL DIVISION

           Plaintiff                      No. _____

v.


KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

           Defendants.

### FEDERAL RULE CIVIL PROCEDURE 7.1
### DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, defendant KFC Corporation hereby submits its Disclosure Statement.   Defendant's Disclosure Statement is as follows:

Defendant KFC Corporation certifies that it is a non-governmental corporation organized under the laws of the state of Delaware, and that its principal place of business is in Louisville, Kentucky.

KFC Corporation submits the following statement of its corporate interests and affiliations:

1.     KFC Corporation is not a publicly held corporation or other publicly held entity.

2.     KFC Corporation does have a parent corporation, and it is Yum! Brands, Inc.

3.     No other publicly held entity owns 10 percent or more of KFC Corporation.

4.     Yum! Brands, Inc. is a publicly held corporation.  It does not have a parent corporation, and no publicly held entity owns 10 percent or more of Yum! Brands, Inc.


BENNETT, BRICKLIN & SALTZBURG LLC


BY: _Beth A Carter_/BAC2111
        Beth A. Carter, Esquire
        85632
        1601 Market Street, 16th Floor
        Philadelphia, PA 19103
        Attorney for Defendant
        KFC Corporation


Dated: October 25, 2012

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE JENKINS                                          CIVIL DIVISION

                    Plaintiff
                                                        No. _____

v.


KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

                    Defendants.

### <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant KFC Corporation, by its attorneys, hereby files its Notice of Removal.

Defendant's Notice of Removal is as follows:

1.      This action was commenced by the filing of a Complaint on about September 25, 2012 in the Philadelphia County Court of Common Pleas.  See attached Exhibit "A."

2.      By the Complaint, plaintiff alleges that he is a citizen and resident of the Commonwealth of Pennsylvania.  See Exhibit "A."

3.      Defendant KFC Corporation is a Delaware corporation and has its principal place of business in Louisville, Kentucky. See Exhibit "B."

4.      Defendant "Kentucky Fried Chicken a/k/a KFC" is not an existing legal entity capable of being sued.

5.      The Complaint alleges a slip and fall incident on June 18, 2011 at the KFC restaurant located at 1200 North Broad Street, Philadelphia, Pennsylvania.  At all times relevant hereto this KFC restaurant was operated, possessed, controlled, maintained and possessed by KFC U.S. Properties, Inc., which has not been named as a defendant.  See Exhibit "B."

6.      KFC U.S. Properties, Inc. is a Delaware corporation with a principal place of business in Louisville, Kentucky.  See Exhibit "B."

7.      Since plaintiff is a citizen of Pennsylvania and defendant is not a citizen of Pennsylvania there is complete diversity between plaintiff and defendant.  Accordingly, this Court has diversity jurisdiction pursuant to 28 USC section 1332.

8.      Plaintiff alleges severe injuries that exceed Seventy-five Thousand Dollars ($75,000.00) in damages.  Specifically, in addition to other injuries, the Complaint alleges that plaintiff suffered numerous disc bulges and herniations in his lumbar and cervical spines as well as radiculopathy.  The Complaint further alleges that plaintiff's injuries are permanent in nature and seeks damages in excess of $50,000.

9.      Pursuant to 28 USC section 1441, defendants remove the within action to this Court in that it is a civil action between citizens of different states and the amount placed in controversy by plaintiff's Complaint exceeds the sum of $75,000.

10.     Pursuant to 28 USC section 1446(a), defendant is attaching copies of all process, pleadings and Orders in the state court action.

11.     Concurrent with the filing of this Notice of Removal, defendants are giving written notice of this Notice of Removal to the Philadelphia County Court of Common Pleas.

12.     The Complaint was served by certified mail by letter dated September 25, 2012 and was received by defendant on a date thereafter.  This Notice is therefore timely, being filed within thirty (30) days of the receipt by defendant of a copy of the initial pleading.  See Exhibit "C."

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Philadelphia County Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

BENNETT, BRICKLIN & SALTZBURG LLC

BY: _Beth A Carter_ |BAC 2111
       Beth A. Carter, Esquire
       85632
       1601 Market Street, 16th Floor
       Philadelphia, PA 19103
       Attorney for Defendant, KFC Corporation

Dated: October 25, 2012

COMMONWEALTH OF PENNSYLVANIA        :
                                    :        SS
COUNTY OF PHILADELPHIA              :

## <u>AFFIDAVIT</u>

I Beth Carter, Esq., being duly sworn, hereby deposes and says that she is the attorney for defendant KFC Corporation in the within action;

That she has authority to make this Affidavit on its behalf;

That she has read the foregoing Notice of Removal and knows the contents thereof; and,

That the same is true of her own knowledge, information and belief.


BENNETT, BRICKLIN & SALTZBURG LLC

BY: _Beth a Carter_____
     BETH A. CARTER, ESQUIRE
     Attorney for Defendant,
     KFC Corporation

Sworn to and subscribed
before me this 25ᵗʰ day
Of October, 2012.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
┌─────────────────────────────────────┐
│          NOTARIAL SEAL                │
│  DENISE M. PATSCH, Notary Public      │
│  City of Philadelphia, Phila. County  │
│  My Commission Expires October 24, 2013│
└─────────────────────────────────────┘

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE JENKINS                                    CIVIL DIVISION

                          Plaintiff              No. _____

v.

KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

                          Defendants.

## <u>NOTICE TO PLAINTIFF</u>

TO:        Louis B. Himmelstein, Esquire

           Please take notice that defendants, by their attorneys, Bennett, Bricklin &

Saltzburg, LLC have filed a Notice of Removal in the United States District Court for the

Eastern District of Pennsylvania removing to that Court a civil action previously pending

in the Court of Common Pleas of Philadelphia County, entitled <u>George Jenkins v.</u>

<u>Kentucky Fried Chicken, et al.</u>, September Term 2012, No. 2920.


                          BENNETT, BRICKLIN & SALTZBURG LLC



                          BY: _Beth A Carter_____
                              Beth A. Carter, Esquire
                              Attorney for Defendant,
                              KFC Corporation

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE JENKINS                                    CIVIL DIVISION

                          Plaintiff            No. _____

v.


KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

                          Defendants.

## **PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA  :

                                                          §

COUNTY OF PHILADELPHIA                    :


       Beth A. Carter, Esquire, being duly sworn according to law, deposes and says that she is a partner in the law firm of Bennett, Bricklin & Saltzburg, LLC attorneys for the defendant, that she did direct the filing with the Prothonotary of the Court of Common of Pleas of Philadelphia a copy of the Notice of Removal, attached hereto said filing to be made on October 25, 2012.

                         BENNETT, BRICKLIN & SALTZBURG LLC


                       **BY:** _Beth a Carter_
                            Beth A. Carter, Esquire
                            Attorney for Defendant,
                            KFC  Corporation

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE JENKINS                                    CIVIL DIVISION

                         Plaintiff
                                                  No. _____

v.


KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

                         Defendants.

### PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA  :
                                                     §
COUNTY OF PHILADELPHIA                 :


      Beth A. Carter, Esquire, after being first duly sworn upon oath, deposes and says that she is a partner in the law firm of Bennett, Bricklin & Saltzburg, LLC attorneys for defendant and that she did serve this 25th day of October, 2012, the aforementioned Notice to plaintiff upon the individual named below by depositing a copy of same in the United States Post Office box, postage pre-paid, enclosed in envelopes plaintiff addressed to:

Louis B. Himmelstein, Esq.
Louis B. Himmelstein & Associates
Suite 1000
1420 Walnut Street
Philadelphia, PA  19102


BENNETT, BRICKLIN & SALTZBURG LLC


BY: _Beth A Carter_____
Beth A. Carter, Esquire
Attorney for Defendant, KFC Corporation


Sworn to and subscribed
before me this 25th day
of          October, 2012.

_Denise M Patsch_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2013

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE JENKINS                                    CIVIL DIVISION

          Plaintiff

                     No. _____

v.

KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

          Defendants.

## CERTIFICATE OF SERVICE

I, Beth A. Carter, Esq., hereby certify that on October 25, 2012 a copy of Defendants' Notice of Removal was served upon all parties to this action via U.S. Mail, First Class, postage prepaid, addressed as follows:

        Louis B. Himmelstein, Esq.
        Louis B. Himmelstein & Associates
        Suite 1000
        1420 Walnut Street
        Philadelphia, PA  19102

            BENNETT, BRICKLIN & SALTZBURG LLC

            BY:_____Beth A Carter_____
                Beth A. Carter, Esquire
                Attorney for Defendant,
                KFC Corporation

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **SEPTEMBER 2012**     002920 |
| E-Filing Number: 1209037198 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| GEORGE JENKINS | KENTUCKY FRIED CHICKEN, ALIAS: KFC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 2316 NORTH 13TH STREET<br>PHILADELPHIA PA 19133 | 1200 NORTH BROAD STREET<br>PHILADELPHIA PA 19121-5103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | KFC CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 1441 GARDINER LANE<br>LOUISVILLE KY 40213 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 2 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
| --- | --- |
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration    [ ] Mass Tort    [ ] Commerce    [ ] Settlement<br>[ ] Jury    [ ] Savings Action    [ ] Minor Court Appeal    [ ] Minors<br>[X] Non-Jury    [ ] Petition    [ ] Statutory Appeals    [ ] W/D/Survival<br>[ ] Other: |

| CASE TYPE AND CODE |
| --- |
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
| --- | --- | --- |
| | **FILED**<br>**PRO PROTHY**<br>SEP 25 2012<br>**J. MURPHY** | YES      NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GEORGE JENKINS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| LOUIS B. HIMMELSTEIN | LOUIS B HIMMELSTEIN&ASSOCIATES<br>1420 WALNUT ST<br>SUITE 1000<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (215)790-9996 | (215)790-0335 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 41140 | lbhimmelstein@verizon.net |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| LOUIS HIMMELSTEIN | Tuesday, September 25, 2012, 11:02 am |

6061
**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
Identification Number: 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF

THIS IS A MAJOR
NON-JURY MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

| | |
|---|---|
| George Jenkins<br>2316 North 13th Street<br>Philadelphia, Pa. 19133<br>vs.<br>Kentucky Fried Chicken a/k/a KFC<br>1200 North Broad Street<br>Philadelphia, PA 19121-5103<br>and<br>KFC Corporation<br>1441 Gardiner Lane<br>Louisville, KY 40213 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2012<br><br>NO.: |

## CIVIL ACTION COMPLAINT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-633

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center,
Filadelfia, Pennsylvania 19107
(215) 238-6333

6061
**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
Identification Number: 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF

**THIS IS A MAJOR
NON-JURY MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED**

| | |
|---|---|
| George Jenkins<br>2316 North 13ᵗʰ Street<br>Philadelphia, Pa. 19133<br>          vs.<br>Kentucky Fried Chicken a/k/a KFC<br>1200 North Broad Street<br>Philadelphia, PA 19121-5103<br>          and<br>KFC Corporation<br>1441 Gardiner Lane<br>Louisville, KY 40213 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>TERM, 2012<br><br>NO.: |

## CIVIL ACTION COMPLAINT

Plaintiff, **George Jenkins**, claims damages of the defendants, Individually, jointly and/or severally upon a cause of action whereof the following is a statement:

1.    Plaintiff, **George Jenkins**, is an adult individual, and at all times relevant herein, Plaintiff, **George Jenkins**, was caused to sustain serious and permanent orthopedic and neurological injuries when he was caused to slip and/or fall and/or twist his body on Defendants' property wherein a dangerous condition existed.

1

2.      Defendant, Kentucky Fried Chicken a/k/a KFC, (hereinafter also referred to as KFC and/or defendants), is either a corporation, partnership, individual proprietorship and/or other entity with a place of service and/or registered address at the captioned location, which entity regularly conducts business in Philadelphia County, and it is believed and therefore averred that at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **George Jenkins,** was caused to fall and sustain his injuries, and it is further believed and therefore averred that defendant was charged with the responsibility to maintain and control the property and personnel at a certain fast food restaurant located at 1200 North Broad Street, Philadelphia, Pa., 19121, including the inside floors, the bathroom areas, and all personnel at the store.

3.      Defendant, **KFC Corporation,** (hereinafter also referred to as defendants), is either a corporation, partnership, individual proprietorship and/or other entity with a place of service and/or registered address at the captioned location, which entity regularly conducts business in Philadelphia County, and it is believed and therefore averred that at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **George Jenkins,** was caused to fall and sustain his injuries, and it is further believed and therefore averred that defendant was charged with the responsibility to maintain and control the property and personnel at a certain fast food restaurant located at 1200 North Broad Street, Philadelphia, Pa., 19121, including the inside floors, the bathroom areas, and all personnel at the store.

4.      At all times herein material, defendants were either acting individually and/or t/d/b/a each other and it is also averred that at all times herein material defendants were acting by and through their/its/his/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/his/her/its employment and in the furtherance of each of the defendants' businesses and affairs.

2

5.    On or about Saturday, June 18, 2011, defendants, owned and/or possessed, and/or maintained, and/or controlled a certain real property located at 1200 North Broad Street, Philadelphia, Pa., 19121, including the inside floors and all personnel at the store commonly known as KFC.

6.    On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the floor, which consisted of a irregularity, defect, substance, leaking toilet, toilet water, water, liquid, damp floor, condensation, and/or a wet slippery substance (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition by its employees, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to business invitees such as Plaintiff, **George Jenkins**.

7.    Plaintiff avers that the aforesaid defect or otherwise dangerous condition was apparent, open and visible to the defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the defendants to have had actual and constructive knowledge thereof.

8.    Said defendants had a duty to maintain, repair, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so in spite of the fact that defendants had actual and constructive notice of the dangerous condition in sufficient time prior to the incident in question in order to have corrected and/or removed the dangerous condition.

9.    At all times herein material, the defendants did own and/or possess and/or control and/or manage and/or maintain and/or operate a certain business and/or fast food restaurant, which business was located at or near 1200 North Broad Street, Philadelphia, Pa., 19121, including the inside floors, bathroom(s), plumbing, and all personnel at the store commonly known as KFC.

3

10.      On or about Saturday, June 18, 2011, Plaintiff, **George Jenkins** was a pedestrian and business invitee at defendants' store and plaintiff was lawfully proceeding on foot inside Defendants' premises located at 1200 North Broad Street, Philadelphia, Pa., 19121, and when the Plaintiff came in contact with a irregularity, defect, substance, water, leaking toilet, toilet water, liquid, damp floor, condensation, and/or a wet slippery substance, Plaintiff, **George Jenkins**, was caused to slip and/or twist and/or fall violently to the ground striking various parts of his body, all of which caused Plaintiff to sustain severe and permanent injuries and damages.

13.      It is believed and, therefore, averred that the Defendants maintained, possessed, controlled, and/or owned the real property, located at 1200 North Broad Street, Philadelphia, Pa., 19121, wherein said wet floor and/or leaking toilet and/or dangerous condition existed, which dangerous condition caused Plaintiff, **George Jenkins**, to slip and/or trip and/or fall down and which dangerous condition caused Plaintiff, **George Jenkins**, to slip and/or fall violently to the ground as a result of stepping on the wet floor, all of which caused Plaintiff, **George Jenkins**, to sustain severe orthopedic injuries.

14.      On or about Saturday, June 18, 2011, Plaintiff, **George Jenkins,** was dining at defendants restaurant and he was lawfully proceeding on foot inside Defendants' premises located at 1200 North Broad Street, Philadelphia, Pa., 19121, and when the Plaintiff came in contact with a irregularity, defect, substance, water, leaking toilet, liquid, damp floor, condensation, and/or a wet slippery substance, Plaintiff, **George Jenkins** was caused to slip and/or fall violently to the ground striking various parts of his body, all of which caused Plaintiff to sustain severe and permanent injuries and damages.

15.      At all times herein material the toilet and/or plumbing at defendants' restaurant was leaking and/or broken which in turn caused water to accumulate on the floor which caused a slip and fall hazard for its patrons such as plaintiff.

16.      As plaintiff was proceeding into the bathroom area at defendants premises he was caused to fall on the wet floor.

4

17.     Plaintiff avers that the carelessness, negligence and recklessness of the defendants,

Individually, jointly and/or severally, consisted of the following:

a)      failing to place mats on the floor;

b)      failing to repair and/or replace the toilet and/or plumbing;

c)      failing to treat the floor with a non-slid surface;

d)      failure to preclude customers from entering the room with the wet floor or broken toilet;

e)      failing to have the sales representatives prevent customers from entering the bathroom;

f)      permitting the existence of the said water and/or hazardous condition to remain on the floor, which constituted a dangerous condition on the premises aforesaid;

g)      failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hazardous condition and/or otherwise dangerous condition;

h)      creating a dangerous condition on the floor;

i)      disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

j)      failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

k)      failing to maintain the store and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to its visitors and business invitees such as Plaintiff lawfully on the premises;

l)      failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;

m)      failing to properly and adequately repair or otherwise remove the subject hazardous or otherwise dangerous area;

n)      failing to provide adequate warning signs;

o)      failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;

p)      being otherwise careless, reckless and negligent;

5

Case ID: 120902920

q)    failing to exercise due care under the circumstances;

r)    allowing the wet slippery substance to remain on the floor for an unreasonably long period of time;

s)    failing to clean the bathroom floor;

t)    failing to inspect the floors;

u)    failing to use the required degree of due care for business invitees such as plaintiff;

v)    being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

w)    failing to place barricades and/or barrels and/or barriers to prevent access where the dangerous condition existed;

x)    failing to properly exercise their/its duty of supervision and control;

y)    failing to properly instruct his/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

z)    failing to properly maintain the premises and failing to place enough mats in front of the ice boxes to cover the entire area;

AA)   failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

BB)   disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

CC)   failing to maintain the said inside premises, toilets, plumbing and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

DD)   failing to clean the slippery substance from the floor;

EE)   failing to mop the floor after being notified of the slippery substance which was on the floor;

FF)   failing to close off the area where the wet slippery substance existed;

GG)   failing to keep its floors dry;

Case ID: 120902920

HH) failing to remove the wet substance from the floor prior to plaintiff coming into contact with it and falling thereby causing plaintiff to sustain serious and permanent injuries;

II) failing to implement proper policies for discovering and/or cleaning up water and/or melting ice; and

JJ) failing to remove the water from the bathroom floor.

18. As a sole result of the aforementioned incident caused by the negligence, carelessness and recklessness of each of the Defendants, Plaintiff, **George Jenkins**, has sustained serious, painful and permanent injuries, internally and externally, to his head, neck, back, shoulders, arms, elbows, wrists, hands, fingers, legs, hips, knees and feet, and the bones, cartilages, ligaments, muscles, nerves, discs, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised and/or otherwise injured, and Plaintiff, **George Jenkins**, sustained multiple other injuries, including but not limited to disc bulge at L4-L5, disc bulge at L3-L4, disc desication of the cervical spine, central disc protrusion at C2-C3, disc herniation at C3-C4, disc bulge at C4-C5, disc bulge at C5-C6, posttraumatic lumbar disc bulges, L5-S1 disc bulge, cervical spine herniated nucleus pulposus with radiculopathy C2-C3 and C3-C4, cervical strain and sprain, thoracic strain and sprain, lumbar strain and sprain, posttraumatic left hip and left elbow, neck sprain and strain, sprain and strain of the shoulder and upper arm, thoracolumbar myoligamentous injury; he suffered other serious orthopedic injuries, any and/or all of which may have been aggravations of previous conditions, the full extent of which have not as yet been ascertained; he has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

7

19.    As a result of this incident, Plaintiff, **George Jenkins,** has been and continues to be obliged to receive medical attention, medical care, physical therapy and medical treatment and care and to expend various sums of money and incur diverse medical expenses, and/or surgical charges and other medical, diagnostic and hospital expenses for the severe injuries which he has suffered and he will and/or may be obliged to continue to make medical, hospital and/or surgical expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

20.    As a further result of the incident aforesaid, Plaintiff, **George Jenkins,** has, may and will probably in the future continue to suffer great pain and extreme agony, mental anguish, humiliation and he has been, and probably will in the future be hindered and prevented from attending to his usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of his earnings and earning capacity, all to his great and continuing detriment and loss.

21.    As a direct and sole result of this incident, plaintiff, **George Jenkins,** has or may hereinafter incur other financial expenses, medical bills, surgical bills, hospital bills and/or other losses which do or may exceed amounts which he may otherwise be entitled to recover, as well as further non-economic losses, he has suffered a cosmetic disfigurement and/or a scar and also loss of services and other items of damages including a loss of earnings and/or a loss of earning capacity, all of which are recoverable.

8

22.     As a further result of the instant occurrence, Plaintiff, **George Jenkins,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may, or shall be permanent, irreparable and severe.

WHEREFORE, Plaintiff, **George Jenkins,** claims damages of the defendants, Individually, jointly and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00).


LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.


By: _s/Louis B. Himmelstein_____
     LOUIS B. HIMMELSTEIN, ESQUIRE
     Attorney for Plaintiff


9

## <u>VERIFICATION</u>

The undersigned, hereby deposes and says that the facts set forth in the attached Complaint, are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

x 8/25/12
DATE

x _GEORGE JENKINS_

Case ID: 120902920

# EXHIBIT B

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE JENKINS                                    CIVIL DIVISION
                                                  No. _____
        Plaintiff

v.


KENTUCKY FRIED CHICKEN a/k/a
KFC and KFC CORPORATION

        Defendants.

### <u>AFFIDAVIT OF DONNA L. PHILLIPS</u>

I, Donna L. Phillips, do hereby depose under oath and state as follows:

1.      I am an Assistant Secretary of KFC Corporation and KFC U.S. Properties, Inc.

2.      I am familiar with the matters set forth herein and make this affidavit on personal knowledge.

3.      KFC Corporation and KFC U.S. Properties, Inc. are Delaware corporations with their principal place of business in Louisville, Kentucky.

4.      On June 18, 2011, the KFC Restaurant located at 1200 North Broad Street, Philadelphia, PA ("the KFC Restaurant") was operated, possessed, managed, controlled and maintained by KFC U.S. Properties, Inc.  At no time relevant hereto has KFC Corporation owned, operated, possessed, managed, controlled or maintained the KFC Restaurant.

Signed under the pains and penalties of perjury this 24 day of October, 2012.

_Donna L. Phillips_
Donna L. Phillips

STATE OF KENTUCKY    )
                              ) ss.
COUNTY OF JEFFERSON )

       On this __ day of October, 2012, before me personally appeared Donna L. Phillips, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

       IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_____

Notary Public, KY, State at Large
My commission expires: 2/16/13

Stacey S. Griffin
Notary Public, ID No. 390456
State at Large, Kentucky
My Commission Expires on Feb. 16, 2013

# EXHIBIT C

**LAW OFFICES**
**OF**
**LOUIS B. HIMMELSTEIN & ASSOCIATES**
**PROFESSIONAL CORPORATION**

Suite 1000
1420 WALNUT STREET
PHILADELPHIA, PA 19102

FAX   (215)790-9996
(215)790-0335
Email lbhimmelstein@verizon.net

September 25, 2012

Kentucky Fried Chicken a/k/a KFC        Via Certified Mail
1441 Gardiner Lane
Louisville, LY. 40213

    Re:    George Jenkins vs. Kentucky Fried Chicken a/k/a KFC, et al
            CCP Philadelphia County, September Term 2012, No.: 2920

Dear Sir/Madam:

    Enclosed is a copy of a Civil-Action Complaint which is being served upon you.

        Very truly yours,

        Louis B. Himmelstein

LBH/sjh
Enclosure

# LAW OFFICES
## OF
## LOUIS B. HIMMELSTEIN & ASSOCIATES
### PROFESSIONAL CORPORATION

Suite 1000
1420 WALNUT STREET
PHILADELPHIA, PA 19102

FAX   (215)790-9996
       (215)790-0335
Email lbhimmelstein@verizon.net

September 25, 2012

Via Certified Mail

KFC Corporation
1441 Gardiner Lane
Louisville, LY. 40213

Re:   George Jenkins vs. Kentucky Fried Chicken a/k/a KFC, et al
       CCP Philadelphia County, September Term 2012, No.: 2920

Dear Sir/Madam:

Enclosed is a copy of a Civil-Action Complaint which is being served upon you.

Very truly yours,

Louis B. Himmelstein

LBH/sjh
Enclosure